IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ANTONIO MARTINEZ                    *

    Plaintiff,                      *

        v.                          *        3:06-CV-257-MHT
                                                 (WO)

NURSE STEWART, *et al.*,             *

    Defendants.                     *


_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 4, 2006 the court directed Plaintiff to show cause why his complaint against

Dr. Lacy, who appears to be a private physician, should not be dismissed. (Doc. No. 8.) *See*

*American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (requiring that

a complaint filed under 42 U.S.C. § 1983 assert "both an alleged constitutional deprivation

... and that 'the party  charged with the deprivation [is] a person who may fairly be said to

be a state actor.'"); *see also  Parratt v. Taylor*, 451 U.S. 527 (1981).   Plaintiff has filed

nothing in response to the court's May 4, 2006 order and the time for doing so has now

expired.  Accordingly, the court finds that Plaintiff's claims against Defendant Lacy are due

to be dismissed and this defendant should be dismissed as a party to the complaint.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendant Lacy be DISMISSED with prejudice;

2.  Defendant Lacy be DISMISSED as a party to the complaint; and

3.  This case, with respect to the remaining defendant, be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 7, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981

Done this 24th day of May 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE