IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ANTONIO MARTINEZ, #247 206      *

    Plaintiff,                   *

        v.                       *       3:06-CV-257-MHT
                                                                  (WO)

NURSE STEWART                   *

    Defendant.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Antonio Martinez ["Martinez"], an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, complains that he received inadequate medical care during his incarceration at the Lee County Detention Center in Opelika, Alabama.[1]  Nurse Linda Stewart is the named defendant.  Martinez seeks injunctive relief and damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, Defendant filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint.  In accordance with the orders of the court, Martinez was informed that Defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Martinez the proper manner in which to respond to a motion for summary judgment.  This

---

[1] When he filed this complaint, Martinez was incarcerated at the Lee County Detention Center. During the pendency of this action he was transferred to the Kilby Correctional Facility.

case is now pending before the court on Defendant's motion for summary judgment and Martinez's opposition thereto. (*Doc. Nos. 9, 12*.) Upon consideration of motion, the evidentiary materials filed in support thereof, and Martinez's opposition, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

To survive Defendant's properly supported motion for summary judgment, Martinez must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (nonmoving party is required to produce "sufficient [favorable] evidence" indicating he is entitled to relief sought). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff bears

2

the burden of proof, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Martinez has failed to meet the requisite burden so as to preclude entry of summary judgment in favor of Defendant. *Matsushita*, *supra*.

## II. DISCUSSION

Martinez complains that Defendant failed to provide him with adequate medical care during his incarceration at the Lee County Detention Center ["LCDC"]. In his complaint, Martinez alleges that he was denied surgery for a painful hernia, that Defendant refused to give him medication to manage the pain, and that a jailer moved him from the medical dorm to general population because he did not believe Martinez had a hernia. (*Doc. No. 1*.) In her dispositive motion, Defendant asserts that this case is due to be dismissed because Martinez has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendant maintains that with respect to the claims presented in the instant action, Martinez failed to exhaust the administrative remedies available to him at LCDC via the jail's inmate grievance procedure. (*See Doc. No. 9 at pgs. 8-11, Exhs. B, C, and Exhs. 1-19*.)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under

4

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id.* at 2387 (emphasis added).

The Supreme Court in *Ngo* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary]

interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003).

In support of her exhaustion argument, Defendant has submitted an affidavit and has also submitted the affidavit of Major Cary Torbert, Jr., the Chief Deputy of Corrections for LCDC. (*Doc. No. 9, Exhs. B, C*.) Defendant and Major Torbert affirm that, at all times relevant to this litigation, the Lee County Detention Center maintained an inmate grievance procedure. (*Id*.) This administrative remedy is available to all Lee County Detention Center inmates, including inmate Martinez. (*Id*.) Defendant contends that a search of Martinez's inmate and medical records reflect that he never filed any grievance regarding the matters made the subject of his complaint. (*Id. and Exhs. 1-19*.) In opposition to Defendant's

6

dispositive motion, Martinez does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Lee County Detention Center. (*Doc. No. 12*.) Rather, Martinez conclusorily maintains that he exhausted all available administrative remedies but did not receive a response from appropriate authorities. (*Id. at 1*.)

The record in this case establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints. The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Martinez has failed to make a colorable showing that he exhausted the administrative remedies available to him at LCDC and/or demonstrated that he was denied access to those administrative procedures while incarcerated at that facility. Martinez simply states that he exhausted available remedies but did not receive a response from "appropriate authorities." He provides no other facts or evidence, however, which tend to establish that he properly exhausted the administrative remedies available to him at Lee County Detention Center with respect to those allegations made the basis of the instant complaint. *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2nd Cir. 1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). As such, Martinez has failed to produce any evidence establishing a genuine issue of fact sufficient to defeat Defendant's motion for summary judgment based on his failure to exhaust administrative remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment (*Doc. No. 9*) be GRANTED to the extent that Defendant seeks dismissal of this case for Martinez's failure to exhaust available administrative remedies;

2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a). *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006); and

3. No costs be taxed herein.

It is further

ORDERED that on or before **February 25, 2008** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of February 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE